UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES BECKLEY, <br><br> Plaintiff, <br><br> v. <br><br> PRIORITY AUTO GROUP, INC., <br><br> PRIORITY AUTOMOTIVE HUNTERSVILLE, INC., <br><br> DENNIS ELLMER and <br><br> MATTHEW ELLMER <br><br> Defendants. | Case No. 3:21-cv-00072-RJC-DSC |

**DEFENDANTS PRIORITY AUTO GROUP, INC., DENNIS ELLMER AND MATTHEW ELLMER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TRANSFER OF VENUE**

Defendants Priority Auto Group, Inc. ("PAG"), Dennis Ellmer ("D. Ellmer") and Matthew Ellmer ("M. Ellmer"), (together, "Add-on Defendants"), through counsel and pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6) of and Local Rule 7.1(A), respectfully request that all of Plaintiff James Beckley's ("Plaintiff") claims against them be dismissed for (1) lack of personal jurisdiction or (2) failure to state a claim upon which relief may be granted. In the alternative, pursuant to 28 U.S.C. § 1404(a), Add-on Defendants respectfully request that the case be transferred to the Eastern District of Virginia, Norfolk Division.

In support of this Motion, and as more fully discussed in their accompanying Memorandum, Add-on Defendants show the Court the following:

1. Plaintiff's Complaint purports to assert state law claims against his former employer Defendant Priority Automotive Huntersville, Inc. ("PAH") and Add-on Defendants for: (1) violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat §§ 95-25.1 (Count 1); (2) breach of contract (Count 2); (3) fraudulent inducement and misrepresentation (Count 3); and (4) negligent misrepresentation (Count 4). Compl. (ECF No. 1-1).

2. All of Plaintiff's claims against Add-on Defendants should be dismissed under Rule 12(b)(2) because Plaintiff cannot meet his burden of showing that the Court has personal jurisdiction over Add-on Defendants.

3. Plaintiff cannot show that Add-on Defendants are subject to general personal jurisdiction in North Carolina.

4. PAG is incorporated in and has its principal place of business in Virginia. D. Ellmer and M. Ellmer are Virginia citizens and residents who live and work in Virginia. PAG, D. Ellmer and M. Ellmer do not have contacts with North Carolina that would render them "at home" there.

5. Plaintiff likewise cannot show that Add-on Defendants are subject to specific personal jurisdiction in North Carolina. Add-on Defendants have not purposefully availed themselves of the privilege of conducting activities in North Carolina out of which Plaintiff says his claims arise, and the exercise of specific personal jurisdiction over Add-on Defendants in North Carolina would not be constitutionally reasonable.

6. As set forth in the Declarations of PAG's Vice President and Treasurer Stacy Cummings ("Cummings"), D. Ellmer and M. Ellmer attached as **Exhibits 1-3** to the accompanying Memorandum, all of the alleged acts and omissions giving rise to this action occurred in Virginia. Plaintiff's purported claims do not arise out of or relate to any conduct by PAG or D. Ellmer or M. Ellmer personally in North Carolina.

7. All of Plaintiff's claims against Add-on Defendants also should be dismissed under Rule 12(b)(6) because they fail to state claims upon which relief may be granted.

8. Add-on Defendants were not Plaintiff's employer and Plaintiff has failed to plausibly allege that they had any agreements with or make any actionable misrepresentations to Plaintiff related to his employment, his compensation, his equity interest or otherwise.

9. Specifically, Plaintiff's purported NCWHA claim (Count 1) fails because: (1) Add-on Defendants are not Plaintiff's employer under the NCWHA; (2) Plaintiff has not alleged that PAG withheld any of his wages or that D. Ellmer or M. Ellmer did so in their personal capacities; and (3) the alleged withholding of Plaintiff's wages in response to the COVID-19 pandemic was proper. Plaintiff fails to allege or identify any facts showing that Add-on Defendants (who were not his employers) had a duty to pay him any wages, much less the exorbitant wages he claims to have "earned," or that the alleged withholding of his wages was improper.

10. Plaintiff's purported breach of contract claim (Count 2) fails because: (1) Add-on Defendants have no employment or contractual relationship with Plaintiff; and (2) the alleged oral contract(s) are non-existent, insufficiently alleged, missing essential terms and conditions and an unenforceable "agreement to agree." Plaintiff fails to allege or identify any facts showing that Add-on Defendants (who were not his employers) promised or had a duty to pay him anything or permit him to acquire some unknown equity interest in a dealership operated by another entity PAH.

11. Plaintiff's purported fraudulent inducement and misrepresentation claim (Count 3) fails because Plaintiff has not alleged: (1) a false representation; or (2) fraudulent intent. Plaintiff fails to allege or identify any facts showing that Add-on Defendants (who were not his employers) made any false representations or acted with fraudulent intent. Plaintiff cannot plausibly allege that any representations related to not selling the dealership or equity were untruthful when made.

12. Plaintiff's purported negligent misrepresentation claim (Count 4) fails because Plaintiff has not alleged: (1) a false representation; or (2) justifiable reliance. Plaintiff fails to allege or identify any facts showing that Add-on Defendants (who were not his employers) made any negligent misrepresentations or he acted in justifiable reliance. Plaintiff cannot plausibly allege that any representations related to not selling the dealership, equity or compensation were untruthful when made.

13. Alternatively, the case should be transferred to the Eastern District of Virginia, Norfolk Division, pursuant to 28 U.S.C. § 1404(a). Virginia is substantially more convenient for the majority of the parties and witnesses - everyone other than Plaintiff.

14. Add-on Defendants are contemporaneously filing their Memorandum supporting their defenses under Rules 12(b)(2) and 12(b)(6), and supporting their alternative request under 28 U.S.C. § 1404(a) for transfer to the Eastern District of Virginia, Norfolk Division.

WHEREFORE, Add-on Defendants respectfully request that their Motion to Dismiss be granted and that all of Plaintiff's claims against them be dismissed for (1) lack of personal jurisdiction or (2) failure to state a claim upon which relief may be granted. Alternatively, this case should be transferred to the Eastern District of Virginia, Norfolk Division.

Dated: February 24, 2021

Respectfully submitted,

**PRIORITY AUTO GROUP, INC., DENNIS ELLMER and MATTHEW ELLMER**

By  /s/  Joshua F. P. Long

Joshua F. P. Long (N.C. Bar No. 26497)
WOODS ROGERS PLC
Wells Fargo Tower, Suite 1800
10 S. Jefferson Street
Roanoke, Virginia 24011
Telephone: (540) 983-7725
Facsimile: (540) 983-7711
jlong@woodsrogers.com

Counsel for Defendants

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 24, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to all counsel of record.

                  /s/  Joshua F. P. Long