# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

JAMES BECKLEY, )
)
    Plaintiff, )
)
v. )        Case No. 3:21-cv-0072-RJC-DSC
)
PRIORITY AUTO GROUP, INC. )
)
PRIORITY AUTOMOTIVE )
HUNTERSVILLE, INC., )
)
DENNIS ELLMER, and )
)
MATTHEW ELLMER )
)
    Defendants. )

## DECLARATION OF DENNIS ELLMER IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR TRANSFER VENUE

I, Dennis Ellmer, declare as follows:

1. I am over 18 years of age, suffer no legal disability and have personal knowledge of the facts stated herein.

2. I am a resident of Virginia Beach, Virginia.

3. My office is in Chesapeake, Virginia.

4. I live and work in Virginia.

5. I personally do not engage in any business in North Carolina. I do not have any property in North Carolina. I do not have any offices or bank accounts in North Carolina.

6. I am the President of Defendant Priority Auto Group, Inc. ("PAG"). PAG is a Virginia corporation with its principal place of business in Chesapeake, Virginia. PAG provides legal, financial, accounting and payroll services to individual dealerships. PAG is comprised of

the General Counsel's Office, Human Resources, Payroll and Accounting Comptrollers, all of which operate exclusively out of Chesapeake and Suffolk, Virginia.

7. I also am the President of Defendant Priority Automotive Huntersville, Inc. d/b/a/ Priority Honda Huntersville ("PAH"). PAH is a Virginia corporation with its principal place of business in Chesapeake, Virginia. PAH operated a Honda dealership in Huntersville, North Carolina that was sold to MileOne AutoGroup ("MileOne") on October 11, 2020.

8. Plaintiff James Beckley ("Beckley") formerly was employed by PAH as General Manager of the Honda dealership in Huntersville, North Carolina.

### All Acts and Omissions Giving Rise to this Action Occurred in Virginia and Involved PAH Only

9. I have reviewed Beckley's First Amended Complaint. All of the alleged acts and omissions giving rise to this action occurred in Virginia. PAH interviewed, offered and hired Beckley in Virginia. The terms and conditions of Beckley's employment with PAH were negotiated, offered and accepted in Virginia.

10. As Beckley acknowledges in Paragraphs 59-60 of his First Amended Complaint, Beckley traveled to Virginia for his job interview on July 8-9, 2019, and PAH offered and hired him in Virginia. Beckley accepted the job offer and PAH hired him in Virginia on July 10, 2019. Beckley began his employment with PAH on July 19, 2019.

11. Beckley's purported claims do not arise out of or relate to any conduct by me personally in North Carolina.

### Beckley Misrepresents Irrelevant Isolated Events in North Carolina

12. Beckley identifies two isolated events in North Carolina in which I participated as President of PAH: (a) an airport meeting on July 2, 2019; and (b) a conversation on September 9, 2020.

13. Beckley mischaracterizes both of these events and regardless they are inconsequential and are not the basis for any of his purported claims.

14. Beckley's allegations in Paragraphs 20 and 57 of his First Amended Complaint regarding the airport meeting on July 2, 2019, are not only false but also irrelevant because the airport meeting was merely introductory and there was no discussion of any terms or conditions of Beckley's employment (much less any alleged equity or partnership which was never offered to Beckley). The airport meeting was preliminary and brief. I never left the airport. The meeting was much shorter than "two hours" and did not address any of the issues Beckley falsely claims.

15. Beckley's allegations in Paragraphs 24 and 83 of his First Amended Complaint regarding the conversation on September 9, 2020, are likewise false and irrelevant because the conversation was merely to provide courtesy advance notice of the sale of the dealership to MileOne, and it occurred over 14 months after Beckley was hired in Virginia on July 10, 2019.

16. Beckley's allegations in Paragraph 22 of his First Amended Complaint that I traveled to North Carolina on either August 3, 2019 or August 23, 2019 to meet with PAH employee Lolli Cornelius and spoke with Beckley are also false. I did not travel to or conduct business in North Carolina on either of those days.

17. From the introductory airport meeting on July 2, 2019, until the conversation on September 9, 2020, I did not visit PAH, step foot in the Honda dealership in in Huntersville, North Carolina or have any meetings, interactions or conversations with Beckley in North Carolina.

18. My interactions with Beckley in North Carolina were in my capacity as the President of PAH and were preliminary (the introductory airport meeting on July 2, 2019) or after the fact (the conversation on September 9, 2020) and irrelevant. Beckley's other allegations relate to events in Virginia.

Case 3:21-cv-00072-RJC-DSC    Document 19-2    Filed 04/05/21    Page 3 of 4

**The Purported "Pay Plan" Refutes any Claim against PAG, Matthew Ellmer or Me**

19. The purported "Pay Plan" or "compensation agreement" that Beckley discusses in Paragraphs 64 and 80-82 and attaches as Exhibit 1 to his First Amended Complaint is a purported contract between PAH and Beckley. PAG, Matthew Ellmer and I are not parties to this purported contract.

20. This purported contract on its face confirms that Beckley has no claims against PAG, Matthew Ellmer or me. It is entitled "Priority Automotive Huntersville, Inc. General Manager Compensation Plan," it only has signature blocks for PAH and Beckley, and it confirms Beckley's status as an employee and "General Manager Priority Automotive Huntersville, Inc." Contrary to his allegations in Paragraphs 80-82 of the First Amended Complaint, Beckley has no claims for failure to pay amounts allegedly owed or guaranteed under this purported contract (whether characterized as violation of NCWHA, breach of contract, fraudulent inducement and misrepresentation, negligent misrepresentation or otherwise) and regardless any such claims would not be against PAG, Matthew Ellmer or me.

**I Do Not Have Any Relevant North Carolina Contacts**

21. In sum, PAH interviewed, offered and hired Beckley in Virginia. The terms and conditions of Beckley's employment with PAH were negotiated, offered and accepted in Virginia. Beckley's purported claims do not arise out of or relate to any conduct by me in North Carolina.

22. Irrespective of whether Beckley has any meaningful contacts with North Carolina, I personally do not have any such contacts with North Carolina.

I declare under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: April 2, 2021

Dennis Ellmer