# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| JAMES BECKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-0072-RJC-DSC |
| | ) | |
| PRIORITY AUTO GROUP, INC. | ) | |
| | ) | |
| PRIORITY AUTOMOTIVE | ) | |
| HUNTERSVILLE, INC., | ) | |
| | ) | |
| DENNIS ELLMER, and | ) | |
| | ) | |
| MATTHEW ELLMER | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF MATTHEW ELLMER IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR TRANSFER VENUE

I, Matthew Ellmer, declare as follows:

1. I am over 18 years of age, suffer no legal disability and have personal knowledge of the facts stated herein.

2. I am a resident of Virginia Beach, Virginia.

3. My office is in Chesapeake, Virginia.

4. I live and work in Virginia.

5. I personally do not engage in any business in North Carolina. I do not have any property in North Carolina. I do not have any offices or bank accounts in North Carolina.

6. I am the Chief Operating Officer ("COO") of Defendant Priority Auto Group, Inc. ("PAG"). PAG is a Virginia corporation with its principal place of business in Chesapeake, Virginia. PAG provides legal, financial, accounting and payroll services to individual

dealerships. PAG is comprised of the General Counsel's Office, Human Resources, Payroll and Accounting Comptrollers all of which operate exclusively out of Chesapeake and Suffolk, Virginia.

7. I also am the COO of Defendant Priority Automotive Huntersville, Inc. d/b/a/ Priority Honda Huntersville ("PAH"). PAH is a Virginia corporation with its principal place of business in Chesapeake, Virginia. PAH operated a Honda dealership in Huntersville, North Carolina that was sold to MileOne AutoGroup ("MileOne") on October 11, 2020.

8. Plaintiff James Beckley ("Beckley") formerly was employed by PAH as General Manager of the Honda dealership in Huntersville, North Carolina.

### All Acts and Omissions Giving Rise to this Action Occurred in Virginia and Involved PAH Only

9. I have reviewed Beckley's First Amended Complaint. All of the alleged acts and omissions giving rise to this action occurred in Virginia. PAH interviewed, offered and hired Beckley in Virginia. The terms and conditions of Beckley's employment with PAH were negotiated, offered and accepted in Virginia.

10. As Beckley acknowledges in Paragraphs 59-60 of his First Amended Complaint, Beckley traveled to Virginia for his job interview on July 8-9, 2019, and PAH offered and hired him in Virginia. Beckley accepted the job offer and PAH hired him in Virginia on July 10, 2019. Beckley began his employment with PAH on July 19, 2019.

11. Beckley's purported claims do not arise out of or relate to any conduct by me personally in North Carolina.

### Beckley Misrepresents Irrelevant Isolated Events in North Carolina

12. Beckley identifies three isolated events in North Carolina in which I participated as COO of PAH: (a) a meeting on July 2, 2019; (b) a dinner on July 18, 2019; and (a) a conversation on September 9, 2020.

13. Beckley mischaracterizes each of these events and regardless they are inconsequential and are not the basis for any of his purported claims.

14. Beckley's allegations in Paragraphs 14 and 56 of his First Amended Complaint regarding the meeting on July 2, 2019, are not only false but also irrelevant because the meeting was merely introductory and there was no discussion of any terms or conditions of Beckley's employment (much less any alleged equity or partnership which was never offered to Beckley).

15. Beckley's allegations in Paragraphs 18 and 66 of his First Amended Complaint regarding the dinner on July 18, 2019, are likewise false and irrelevant because the dinner was merely celebratory, no concerns were expressed or assurances given, and it occurred over a week after Beckley was hired in Virginia on July 10, 2019.

16. Beckley's allegations in Paragraphs 19 and 83 of his First Amended Complaint regarding the conversation on September 9, 2020, are likewise false and irrelevant because the conversation was merely to provide courtesy advance notice of the sale of the dealership to MileOne, and it occurred over 14 months after Beckley was hired in Virginia on July 10, 2019.

17. Beckley's allegations in Paragraph 12 of his First Amended Complaint that I conducted business in North Carolina on August 3, 2019, August 21, 2019, September 6, 2019, and April 21, 2020 are also false. I did not travel to or conduct business in North Carolina on any of those days.

18. My interactions with Beckley in North Carolina were in my capacity as the COO of PAH and were preliminary (the introductory meeting on July 2, 2019) or after the fact (the

dinner on July 19, 2019 and the conversation on September 9, 2020) and irrelevant. Beckley's other allegations relate to events in Virginia.

### The Purported "Pay Plan" Refutes any Claim against PAG, Dennis Ellmer or Me

19. The purported "Pay Plan" or "compensation agreement" that Beckley discusses in Paragraphs 64 and 80-82 and attaches as Exhibit 1 to his First Amended Complaint is a purported contract between PAH and Beckley. PAG, Dennis Ellmer and I are not parties to this purported contract.

20. This purported contract on its face confirms that Beckley has no claims against PAG, Dennis Ellmer or me. It is entitled "Priority Automotive Huntersville, Inc. General Manager Compensation Plan," it only has signature blocks for PAH and Beckley, and it confirms Beckley's status as an employee and "General Manager Priority Automotive Huntersville, Inc." Contrary to his allegations in Paragraphs 80-82 of the First Amended Complaint, Beckley has no claims for failure to pay amounts allegedly owed or guaranteed under this purported contract (whether characterized as violation of NCWHA, breach of contract, fraudulent inducement and misrepresentation, negligent misrepresentation or otherwise) and regardless any such claims would not be against PAG, Dennis Ellmer or me.

### I Do Not Have Any Relevant North Carolina Contacts

21. In sum, PAH interviewed, offered and hired Beckley in Virginia. The terms and conditions of Beckley's employment with PAH were negotiated, offered and accepted in Virginia. Beckley's purported claims do not arise out of or relate to any conduct by me in North Carolina.

22. Irrespective of whether Beckley has any meaningful contacts with North Carolina, I personally do not have any such contacts with North Carolina.

I declare under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: April 2, 2021

_____
Matthew Ellmer