STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
                                      SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG                 19-CvS-15040



LAKE NORMAN AUTO MALL, LLC,    )
d/b/a/ KEFFER MAZDA,           )
                               )
    Plaintiff              )
                               )
v.                             )      **TEMPORARY RESTRAINING**
                               )              **ORDER**
                               )
JAMES BECKLEY,                 )
                               )
    Defendant.             )
                               )
_____)

    THIS CAUSE coming on to be heard and being heard before the undersigned Judge presiding over the July 29, 2019 Civil Session of the Mecklenburg County Superior Court upon Plaintiff's Motion for a Temporary Restraining Order (the "Motion"); and Plaintiff appearing through counsel of record; and Defendant James Beckley ("Beckley") having been given notice of this hearing; and the Court having considered the matters of record including the Complaint, the Motion, and the Affidavits of Jackie Furr Robinson and Nicholas Angelo Defelice; and having further considered argument of counsel, the Court finds and concludes as follows:

## FINDINGS OF FACT

    1.    Notice of this Motion and hearing were provided to Beckley by emailing to his last known email address copies of the Motion, Notice of Hearing for the Motion, Summons, and Complaint on July 29, 2019, and receiving confirmation of delivery.

    2.    Immediately prior to Beckley's resignation of his employment with Plaintiff on July 13, 2019, Beckley was employed by Plaintiff as the General Manager of Plaintiff's Mazda-branded motor vehicle dealership in Huntersville, North Carolina ("Keffer Mazda").

    3.    Beckley was at the time of the termination of his employment with Plaintiff, and is currently, subject to a Confidentiality and Non-Solicitation Agreement (the "Agreement"), a copy of which is attached to Plaintiff's Complaint as Exhibit A.

    4.    Beckley is currently employed as the General Manager of another automobile dealership located within one mile of Keffer Mazda that uses and competes for employees possessing the same skill sets and experience as those employed by Plaintiff.

    5.    Shortly after Beckley resigned his employment with Plaintiff, Beckley actively solicited employees of Plaintiff, including employees Jeremy Levia, Jamie Coffman-Tarr, Michael Barbeau, Arkeayes Cunningham, and Jordan West, and encouraged them to terminate their employment with Plaintiff in order to work with Beckley at his new place of employment,

Page 1 of 3

all without Plaintiff's consent or permission. Each of the employees listed in this paragraph did in fact resign their employment with Plaintiff and accepted a job offer to work with Beckley.

6. On July 18, 2019, promptly after learning of these solicitations, Keffer's attorney sent a cease and desist letter to Beckley via email and Federal Express advising that a lawsuit would be filed against him if the impermissible solicitation did not immediately cease. A copy of that letter is attached to Plaintiff's Complaint as Exhibit B.

7. However, Beckley did not stop the solicitations.

8. Plaintiff has been damaged as a result of Beckley's breaches of the Agreement, namely Beckley's solicitation of Plaintiff's employees, and Plaintiff is likely to suffer immediate and irreparable harm to Plaintiff's business operations if injunctive relief is not granted.

9. Based on the record, Plaintiff is likely to succeed on the merits and to prevail on its claims against Beckley.

10. Under the terms of the Agreement, Beckley acknowledged and agreed that in the event of a breach or threatened breach thereof, calculation of money damages would be extremely difficult, if not impossible, and that therefore Plaintiff would be entitled to injunctive relief.

11. The Court finds and concludes that given the nature and narrowness of the injunction directed to Beckley, and its limited duration, the restraint will not cause Beckley any material damage, and there has been no proof of likelihood of harm.

## CONCLUSIONS OF LAW

12. Plaintiff is likely to sustain immediate and irreparable harm to its business if Beckley is not restrained from violating the terms of the Agreement.

13. Plaintiff is likely to succeed and prevail on the merits of its claims and action against Beckley.

14. Beckley's covenant not to solicit employees of Plaintiff is reasonably necessary to protect legitimate interests of Plaintiff, and do not violate any applicable law.

15. Based on the equities of the case favoring Plaintiff, the likelihood that Plaintiff will suffer irreparable harm if injunctive relief is not granted, and the likelihood that Plaintiff will succeed on the merits of the case, the Court, in its discretion, concludes that a Temporary Restraining Order should be issued as hereinafter ordered.

16. A bond in the amount of $250.00 is required to be posted by Plaintiff in connection with the issuance of this Order as it pertains to Beckley.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

1. Beckley is enjoined and restrained from, and shall immediately cease and desist from, violating the terms of the Agreement. Without limiting the foregoing, the following acts and practices are specifically enjoined: Inducing or attempting to influence directly or indirectly through another person any employee of Keffer Mazda to work for Beckley or any other person or entity with whom Beckley is or may become professionally associated.

2. This Temporary Restraining Order shall be binding upon Beckley and upon any persons in active concert or participation with Beckley who receive actual notice in any manner of this Order, by personal service or otherwise.

3. This Temporary Restraining Order shall stay in effect until it expires either by Order upon the Court's consideration of Plaintiff's Motion for a Preliminary Injunction or within ten (10) days of the issuance of this Order, whichever first occurs. The Court finds good cause that this Temporary Restraining Order should extend for this period of time.

4. A bond in the amount of $250.00 is required to be posted by Plaintiff prior to the issuance of this Order, and this Order shall be immediately effective upon its issuance.

Issued this the __1__ day of August, 2019, at __10:10__ a.m.

_[signature]_
Superior Court Judge Presiding

Page 3 of 3
{00693833-2}
Case 3:21-cv-00072-RJC-DSC   Document 32-1   Filed 04/11/22   Page 3 of 3