UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES BECKLEY,<br><br>    Plaintiff,<br><br>v.<br><br>PRIORITY AUTO GROUP, INC.,<br><br>PRIORITY AUTOMOTIVE HUNTERSVILLE, INC.,<br><br>DENNIS ELLMER and<br><br>MATTHEW ELLMER<br><br>    Defendants.<br><br>PRIORITY AUTOMOTIVE HUNTERSVILLE, INC.,<br><br>    Counterclaimant<br><br>v.<br><br>JAMES BECKLEY and<br><br>TANISHA BECKLEY<br><br>    Counterclaim Defendants | Case No. 3:21-cv-00072-RJC-DSC |

**MEMORANDUM IN SUPPORT OF MOTION TO JOIN TANISHA BECKLEY
<u>AS COUNTERCLAIM DEFENDANT</u>**

    Counterclaimant Priority Automotive Huntersville, Inc. ("PAH"), by counsel, respectfully submits this memorandum in support of its Motion to Join Tanisha Beckley ("T. Beckley") as a Counterclaim Defendant pursuant to Federal Rules of Civil Procedure 13(h) and 20(a).

## ARGUMENT & AUTHORITIES

PAH seeks to add T. Beckley as a Counterclaim Defendant because her presence is required for the granting of complete relief. Joinder of T. Beckley as a Counterclaim Defendant will foster judicial economy and avoid multiplicity of litigation. PAH's claims against T. Beckley and her husband Plaintiff James Beckley ("J. Beckley"), (together, the "Beckleys"), rest on common questions of fact and law, arise out of the same transactions and occurrences, and would result in joint and several liability for the Beckleys. PAH seeks to add T. Beckley as a Counterclaim Defendant in light of the Beckleys' coordinated efforts to defraud, convert and misappropriate property and funds from their former employer PAH and enrich themselves in breach of their fiduciary duties to PAH and in violation of applicable law. The Beckleys are alleged to be joint tortfeasors and co-conspirators.

Federal Rule of Civil Procedure ("Rule") 13(h) permits the joinder of parties as Counterclaim Defendants, pursuant to Rule 19 and 20 of the Federal Rules of Civil Procedure. Rule 20(a)(2) provides that "[p]ersons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "[C]ourts typically have construed subdivision (h) liberally in an effort to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy." 6 Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 3d § 1431 (2001).

"The main purpose of Rule 13(h) is to dispose of an action in its entirety and grant complete relief to all concerned parties." 27A Fed. Proc., L. Ed. § 62:247 Joinder of additional parties. "New parties added under Rule 13(h) have included joint tortfeasors, coconspirators, insurers, and sureties, as well as joint claimants and parties in the relevant chain of title." *Id.*

Joinder of T. Beckley is clearly appropriate under Rule 13(h) and Rule 20(a)(2). The rights to relief are asserted against the Beckleys jointly and severally and arise out of the same transactions or occurrences, and there are numerous common questions of law and fact between the Beckleys. See Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 3d § 1431 (2001); 27A Fed. Proc., L. Ed. § 62:247; *Lanier Bus. Prod. v. Graymar Co.*, 342 F. Supp. 1200, 1202–03 (D. Md. 1972) ("This Court has carefully examined the claims made by the counterclaim plaintiffs and finds that the requirements of Rule 20(a) are satisfied. The rights asserted by Graymar, Houston and Teleco under the Sherman Act and the Clayton Act arise out of the same series of transactions or occurrences. For example, all counterclaimants complain of plaintiff's practice of acquiring competing dictation systems manufacturers. Similarly, all counterclaimants make allegations that they have been affected by plaintiff's competition with them in their respective local markets and termination of its distributorship agreements with them. In addition, there are common questions of law or fact relating to all parties that will arise in this case, such as the definition of relevant product and geographic markets; plaintiff's use of its alleged monopoly power in those markets; and plaintiff's alleged activities to restrain trade and substantially decrease competition in those markets.").

Following the sale of the Dealership to MileOne and through the course of this litigation, PAH uncovered evidence that T. Beckley had conspired with her husband J. Beckley during his employment with PAH as General Manager ("GM") of the Dealership to defraud, convert and misappropriate property and funds from PAH and enrich themselves in breach of their fiduciary duties to PAH and in violation of applicable law.[1]

---

[1] The addition of T. Beckley as a party would not affect this Court's subject matter jurisdiction because she is a resident of North Carolina and complete diversity remains.

On April 11, 2022, Defendants filed their Answer to J. Beckley's Amended Complaint and PAH filed its Counterclaims for breach of fiduciary duties, aiding and abetting, fraud, conversion, conspiracy, unfair and deceptive trade practices, and unjust enrichment. (Doc. 32).

Specifically, as alleged in PAH's Counterclaims, the Beckleys misused PAH's company Credit Card for over $100,000 in personal purchases; (2) hosted a clearly inappropriate Holiday Party; (3) intentionally abused the Demo vehicle policy; (4) caused PAH to purchase J. Beckley's personal vehicle in an amount significantly above value; (5) purchased a vehicle for J. Beckley's lawyer Philip J. Gibbons, Jr. and his firm Gibbons Law Group, PLLC f/k/a Gibbons Leis, PLLC to satisfy J. Beckley's personal attorneys' fees; (6) wrote checks to J. Beckley; and (7) intentionally abused the EDP in a manner that caused PAH to suffer a loss.

PAH's Counterclaims rest on common questions of fact and law, arise out of the same transactions and occurrences, and would result in joint and several liability for the Beckleys. PAH has viable causes of action and damages claims against both J. Beckley and T. Beckley. The Beckleys are alleged to be joint tortfeasors and co-conspirators.

Because the same factual and legal issues are dispositive, it is the interest of judicial economy to litigate the whole of this matter through the present suit and Counterclaims. *Lanier Bus. Prod. v. Graymar Co.*, 342 F. Supp. 1200, 1202 (D. Md. 1972) ("Courts typically have construed subdivision (h) liberally in an effort to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy. Stated in general terms, the main purpose of Rule 13(h) is to dispose of an action in its entirety and to grant complete relief to all the concerned parties. Minimal requirements under a Rule 13(h) joinder are that a counterclaim either be before the court, or, as in the present case, be asserted at the same time the addition of a nonparty is sought.").

## CONCLUSION

For the foregoing reasons, PAH respectfully requests that T. Beckley be added as a Counterclaim Defendant to this action, and that she be required to file her responsive pleading to PAH's Counterclaims within 21 days of service. The other Defendants consent to this Motion and the relief sought herein.


Dated: April 11, 2022              Respectfully submitted,

**PRIORITY AUTOMOTIVE HUNTERSVILLE, INC.,**

By    /s/   Joshua F. P. Long

Joshua F. P. Long (N.C. Bar No. 26497)
WOODS ROGERS PLC
Wells Fargo Tower, Suite 1800
10 S. Jefferson Street
Roanoke, Virginia  24011
Telephone: (540) 983-7725
Facsimile: (540) 983-7711
jlong@woodsrogers.com

*Counsel for Defendants and Counterclaimant Priority Automotive Huntersville, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to all counsel of record.


/s/    Joshua F. P. Long