2021 WL 4558198
United States District Court, W.D. North Carolina,
Charlotte Division.

Courtney D. STEPHENSON, Plaintiff,

v.

CAROLINA PHYSICIANS NETWORK
INC., Atrium Health, Inc., and the Charlotte-
Mecklenburg Hospital Authority, Defendants.

DOCKET NO. 3:21-CV-103-FDW-DCK
|
Signed 10/05/2021

**Attorneys and Law Firms**

Catharine E. Edwards, Andrew C. Avram, Mary Kathryn Kurth, Edwards Kirby, LLP, Raleigh, NC, for Plaintiff.

David Ransom Ortiz, Kerry A. Shad, Isaac Augustin Linnartz, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, Raleigh, NC, for Defendants.

ORDER

Frank D. Whitney, United States District Judge

**\*1** THIS MATTER is before the Court on Defendants' Carolina Physicians Network Inc., Atrium Health, Inc., and the Charlotte-Mecklenburg Hospital Authority (collectively, "Defendants") Motion for Partial Judgment on the Pleadings (Doc. No. 21). Plaintiff Courtney Stephenson ("Plaintiff") opposes the motion and has informally requested leave to amend her complaint. (Doc. No. 23). The motion for partial judgment has been fully briefed and is ripe for review. (Docs. No. 1, 15, 17, 21, 22, 23, 24). For the following reasons, the Court DENIES WITH PREJUDICE Plaintiff's request for leave to amend and GRANTS Defendants' Motion for Partial Judgment on the Pleadings.

I. BACKGROUND

Plaintiff filed this action asserting claims against Defendants for unlawful interference with Family and Medical Leave Act benefits, discrimination, and retaliation for requesting and taking leave under the Family and Medical Leave Act, breach of contract, breach of the covenant of good faith and fair dealing, negligent infliction of emotional distress, and intentional infliction of emotional distress. (Doc. No. 1). Defendants now seek judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on two of Plaintiff's five claims against them: (1) intentional infliction of emotional distress; and (2) negligent infliction of emotional distress. Id. Plaintiff opposes the motion, and, within her response brief, requests leave to amend. (Doc. No. 23).

II. ANALYSIS

A. Plaintiff's Request for Leave to Amend

As a preliminary matter, the Court must address Plaintiff's request for leave to amend her complaint because if granted, it could moot the motion at bar. See Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007). Federal Rule of Civil Procedure 15(a) provides that a party may amend its own pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). Once twenty-one days pass from service of a responsive pleading, a plaintiff may only amend with the opposing party's consent or leave of court. Leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a "request for the court must be made by a motion," which must state the grounds for seeking the order and state the relief sought. Fed. R. Civ. P. 7(b)(1). Similarly, Local Civil Rule 7.1(c)(2) prohibits the inclusion of a motion in a responsive pleading. L.Cv.R. 7.1(c)(2). Here, Plaintiff failed to file a separate motion, which—standing alone—is a sufficient basis for denial of the relief sought. See Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 630-31 (4th Cir. 2008).

Notwithstanding her failure to file a motion, Plaintiff had twenty-one days from the filing of Defendants' Motion for Partial Judgment on the Pleadings to file an amended complaint as a matter of right. See Hughes v. State Farm Mut. Auto. Ins. Co., 3:13-CV-438-RJC-DSC, 2014 WL 200276, at 3 (W.D.N.C. Jan. 16, 2014). She failed to do so. Instead, Plaintiff requested leave to amend in her response brief, filed on August 4, 2021, which is fourteen days after service of the Motion for Partial Judgment. Although the response brief was filed within the twenty-one-day period, Plaintiff did not amend as a matter of right and a "request" for leave to amend at the end of a response brief is not proper. Therefore, the Court is within its discretion to deny this request.

**\*2** Finally, even assuming Plaintiff properly filed a motion, the Court would deny leave to amend the complaint pursuant to [Rule 16(b)(4)](#) and [Rule 15(a)(2)](#). Where, as in this case, a court has entered a scheduling order setting a deadline for amending the pleadings—and that deadline has passed—the party seeking to amend its pleadings must clear two hurdles. First, the party must demonstrate good cause under [Fed. R. Civ. P. 16(b)(4)](#) to modify the scheduling order. See [Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008)](#). Second, the party must obtain either consent of the opposing party or leave of court under [Rule 15(a)(2)](#) to amend the pleading. See [Cook v. Howard, 484 Fed.Appx. 805, 814-15 (4th Cir. 2012)](#).

Plaintiff cannot meet the burden of demonstrating good cause. "[Rule 16(b)](#)'s good cause standard focuses on the timeliness of the submission, the reasons for its tardiness, and the danger of prejudice to the non-moving party. [Nguyen v. Jones, No. 1:19-cv-00337-MR, 2020 WL 7264465 at \*2 (W.D.N.C. Dec. 10, 2020)](#). "The primary consideration is the diligence of the moving party." Id.

In her Memorandum, Plaintiff sets out the factual allegations she seeks to include in the amended complaint. (Doc. No. 23). Of note, the evidence that could support these factual allegations come from Plaintiff and persons close to Plaintiff. This Court finds no reason why these allegations could not have been included in the original complaint. In sum, Plaintiff cannot demonstrate good cause as to why the scheduling order should be modified.

Even assuming Plaintiff could demonstrate good cause to modify the scheduling order, the Court would deny leave to amend the Complaint under 15(a)(2) because such amendment would be futile. See [Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)](#) (leave to amend a pleading should be denied when the amendment would be futile). The proposed factual allegations in Plaintiff's Memorandum (Doc. No. 23) do not provide a viable basis for the requested relief. Some of these new allegations relate to the element of severe emotional distress. For the reasons stated below, these allegations would not save Plaintiff's intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") claims from dismissal. Moreover, Plaintiff asserts these allegations touch on Defendants' mishandling of Plaintiff's alleged mistreatment—presumably to support her NIED claim. Even taken in a light most favorable to Plaintiff, these facts fail to raise the plausibility of Plaintiff's claim. For these reasons, Plaintiff's request for leave to amend is denied with prejudice.

B. Defendants' Motion for Partial Judgment on the Pleadings

1. Standard of Review

[Federal Rule of Civil Procedure 12(c)](#) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." [Fed. R. Civ. P. 12(c)](#). In resolving a motion for judgment on the pleadings, the court must accept all the non-movant's factual allegations as true and draw all reasonable inferences in its favor. [Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004)](#). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Id. The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." [Phillips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009)](#); see also [Fed. R. Civ. P. 10(c)](#) (stating that "an exhibit to a pleading is part of the pleadings for all purposes."). Unlike a [Rule 12(b)(6)](#) motion, the court may consider the answer as well on a [Rule 12(c)](#) motion. [Alexander v. City of Greensboro, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011)](#).

**\*3** Although a motion for judgment on the pleadings pursuant to [Rule 12(c)](#) is separate and distinct from a motion to dismiss under [Rule 12(b)(6)](#), federal courts apply the same standard for [Rule 12(c)](#) motions as for motions made pursuant to [Rule 12(b)(6)](#). [Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009)](#); [Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002)](#); [Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)](#).

To survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face." [Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)](#) (citing [Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)](#)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [Iqbal, 556 U.S. at 678](#) (citing [Twombly, 550 U.S. at 556](#)). While the

Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkt.'s Inc. v. J.D. Assoc.'s, 213 F.3d 175, 180 (4th Cir. 2000).

### 2. Intentional Infliction of Emotional Distress Claim

Defendants first argue Plaintiff has not alleged the type of "extreme and outrageous conduct" necessary to sustain a claim for IIED. (Docs. No. 22 and 24). This Court agrees. To prevail on a claim for IIED, a plaintiff must show:

> "(1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress." Waddle v. Sparks, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992) (quoting Dickens v. Puryear, 302 N.C. 437, 452, 276 S.E.2d 325, 355 (1981)). Under North Carolina law, conduct is extreme and outrageous only when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 493, 340 S.E.2d 116, 123 (1986) (internal quotation omitted). Whether conduct meets this standard is a question of law. Lennis v. K-Mart Corp., 98 N.C. App. 590, 599, 391 S.E.2d 843, 848 (1990).

Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp.2d 533, 544-45 (E.D.N.C. 2008); see also, Tompkins v. Charlotte-Mecklenburg School System, 3:16-CV-152-RJC-DSC, 2016 WL 5868086, at *2 (W.D.N.C. Oct. 6, 2016) adopted by 2016 WL 6780339 (W.D.N.C. Nov. 15, 2016); and Ortiz v. Big Bear Events, LLC, 3:12-CV-341-RJC-DCK, 2013 WL 247444, at *4 (W.D.N.C. Jan. 23, 2013).

> In the context of employment discrimination claims, North Carolina courts have been reluctant to find actionable intentional infliction of emotional distress claims. Bendross v. Town of Huntersville, 159 N.C. App. 228, *4-5 (July 14, 2003); Guthrie v. Conroy, 152 N.C. App. 15, 567 S.E.2d 403 (2002); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp .2d 533, 544

(E.D.N.C. 2008); Efird v. Riley, 342 F. Supp. 2d 413, 427 (M.D.N.C. 2004); Thomas v. N. Telecom, Inc., 157 F. Supp. 2d 627, 635 (M.D.N.C. 2000). To meet the "extreme and outrageous" requirement, Plaintiff must allege conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 483, 340 S.E.2d 116 (1986).

**\*4** Dunkin v. Marshall Air Sys., Inc., 2014 WL 4407043, at *3 (W.D.N.C. Sept. 8, 2014).

Plaintiff's IIED claim is deficient because the conduct alleged on the part of Defendant is not extreme and outrageous as a matter of law. Subjecting an employee to internal investigations and disciplinary actions, even coupled with alleged discriminatory treatment and strained working relationships, does not constitute extreme and outrageous conduct under North Carolina law. Bendross v. Town of Huntersville, 2003 WL 21649354, at, *4-5 (N.C. App. 2003) (concluding that the defendant strained working relations with supervisors, subjected plaintiff to three internal investigations, imposed disciplinary action, and slammed chair against wall during conference with plaintiff not extreme and outrageous). Here, Plaintiff alleges garden-variety employment issues that are commonplace in employment discrimination lawsuits, but rarely are sufficient to give rise to an actionable IIED claim. See Faulkner v. Tyco Elec. Corp., 552 F. Supp. 2d 546, 558 (M.D.N.C. 2000) ("Termination allegedly in violation of federal law alone does not necessarily constitute extreme and outrageous behavior"); Guthrie v. Conroy, 567 S.E.2d 403 (N.C. Ct. App. 2002) (defendant holding plaintiff from behind and touching and rubbing her neck and shoulders, placing lampshade on her head, throwing potting soil and water on her, and commenting that he had "always wanted to see [her] in a wet t-shirt" not extreme and outrageous); Ortiz v. Big Bear Events, LLC, No. 3:12-CV-341, 2013 WL 247444, *4-5 (W.D.N.C. Jan 22, 2013) (inappropriate touching, offensive comments, exposure to pornography and retaliation for seeking legal advice was abhorrent ... but was not "so extreme in degree ... to be

WESTLAW  © 2022 Thomson Reuters. No claim to original U.S. Government Works.

regarded as atrocious, and utterly intolerable in a civilized community.").

In sum, Plaintiff's allegations merely suggest of workplace disagreements, internal investigations, disciplinary actions, and directions with and from her supervisors—things that occur in every job and in every workplace. Considering both the Complaint and Answer, nothing suggests Defendants engaged in intentional extreme and outrageous behavior that would support a claim for IIED. For these reasons, Defendants' Motion for Partial Judgment on the Pleadings for Plaintiff's IIED claim is granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

### 3. Negligent Infliction of Emotional Distress

Defendants also move the Court for judgment on Plaintiff's NIED claim because the alleged conduct fails to meet the standard of an NIED claim. (Docs. No. 22 and 24). This Court agrees. For an NIED claim, Plaintiff must establish the following: (1) Defendant negligently engaged in conduct; (2) it was reasonably foreseeable that such conduct would cause Plaintiff severe emotional distress; and (3) the conduct did in fact cause Plaintiff severe emotional distress. Johnson v. Scott, 528 S.E.2d 402, 404 (N.C. Ct. App. 2000) (quoting Johnson v. Ruark Obstetrics and Gynecology Assoc., 395 S.E.2d 85, 97 (N.C. 1990)).

 **\*5** Plaintiff's allegations fail to state a valid claim of NIED. Although the sufficiency of her claim is dubious with respect to all three elements, it is most clear that her pleadings are deficient with respect to the first element: Defendants engaged in negligent conduct. Plaintiff has done nothing more than allege in conclusory fashion that Defendants negligently engaged in conduct that was reasonably foreseeable to cause her severe emotional distress. Moreover, Plaintiff asserts Defendants' alleged retaliatory treatment and professional humiliation constitutes negligence. However, Courts consistently dismiss NIED claims where they are based solely on intentional conduct such as claims of discrimination and retaliation, as opposed to negligent conduct. See e.g., Gourley v. Ken Wilson

Ford, No. 1:06CV141, 2006 WL 2375455, at \*1 (W.D.N.C. Aug 15, 2006) ("When the plaintiff's complaint alleges acts of discrimination that are intentional in nature, and simply concludes that the acts were committed negligently, it is insufficient to state a claim for negligent infliction of emotional distress."); Hall v. Charter Commc'ns, LLC, No: 3:17-CV-497-GCM, 2018 WL 651345, at \*4 (W.D.N.C. Jan. 31, 2018) (dismissing NIED claim based only on alleged discrimination). Plaintiff recounts intentional conduct yet alleges this conduct may be inferred as negligent. (Doc. No. 23). Allegations of conduct cannot be inferred as negligent when they are intentional in nature. Hall, 2019 WL 651345, at \*4. Moreover, intentional conduct relabeled as negligence does not in fact make the conduct negligent. These allegations do not show negligent acts as required for an NIED claim. See, e.g., Ripe v. Sarstedt, Inc., No. 5:09-cv-00104, 2010 WL 3326681, at \*4 (W.D.N.C. Aug. 23, 2010) ("basing a claim upon intentional conduct and simply labeling it as negligent is untenable as an attempt to state a cause of action for negligence"); Sheaffer v. County of Chatham, 337 F. Supp. 2d 709, 733-34 (M.D.N.C. 2004) (holding NIED claim based on allegations of discrimination and retaliation dismissed when no negligence alleged). For these reasons, the pleadings fail to state a plausible claim for relief against Defendants for NIED. Defendants Motion for Partial Judgment on the Pleadings for Plaintiff's NIED claim is granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's request for leave to amend is DENIED WITH PREJUDICE. Defendants' Motion for Partial Judgment on the Pleadings (Doc. No. 21) is GRANTED pursuant to Fed. R. Civ. P. 12(c) as to Plaintiff's claims for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress.

IT IS SO ORDERED.

**All Citations**

Slip Copy, 2021 WL 4558198, 2021 IER Cases 380,923

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.